**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Stephen C. Baptiste

    v.                                    Civil No. 16-cv-439-JD

New Hampshire Attorney General
Joseph Foster et al.[1]

**REPORT AND RECOMMENDATION**

Stephen C. Baptiste, an inmate at the New Hampshire State Prison ("NHSP"), has filed a complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983, alleging that the defendants, acting in their individual and official capacities, have violated his Fourth, Eighth, and Fourteenth Amendment rights. Baptiste's complaint is before the court for preliminary review, see 28 U.S.C. § 1915A(a); LR 4.3(d)(1), and for consideration of the request for preliminary injunctive relief in the complaint.

---

[1]Plaintiff names the following state officers and employees as defendants in this action: New Hampshire Attorney General Joseph Foster; New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn; DOC Director of Security and Training Christopher Kench; DOC Director of Investigations Colon Forbes; former New Hampshire State Prison ("NHSP") Warden Richard Gerry; DOC Director of Prison Rape Elimination Act Standards Jean Carrol; DOC Maj. Jon Fouts; NHSP Lt. Ernie Orlando; NHSP Sgt. Foncier, whose first name is unknown; DOC Capt. Roderick Greenwood; DOC Corrections Officer Kelly Jardine; and a number of John Does, who are NHSP corrections officers. Defendants are sued in their individual and official capacities.

**Background**

In his complaint, Baptiste alleges that on December 18, 2014, he attended a Christmas holiday event in the NHSP gym, which was attended by approved inmates and their families. After the event ended, and the visiting family members left, the other attendees and approximately ten corrections officers remained in the gym.

A corrections officer, identified by Baptiste as John Doe #2, directed the inmates to submit to a strip search in the gym, in front of all of the other inmates present, corrections officers Baptiste identifies as John Does #2-#11, supervisory corrections officers Maj. Jon Fouts, Lt. Ernie Orlando, and Sgt. Foncier,[2] and a female corrections officer, Kelly Jardine, without the benefit of privacy barriers.  Baptiste's strip search involved removing his clothing, manipulating his genitals, and squatting and coughing.  Baptiste further asserts that the strip search was conducted in view of a video surveillance camera.

After the incident, Baptiste filed administrative grievances with Fouts, NHSP Warden Richard Gerry, and New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn.  Baptiste's grievance to Wrenn was answered by DOC

---

[2]Sgt. Foncier's first name is not known.

Director of Security and Training Christopher Kench.  All of the grievances were denied.

Baptiste also filed a complaint with Jean Carrol, the Director of Prison Rape Elimination Act ("PREA") standards at the DOC, alleging that the strip search was sexual misconduct, which Baptiste describes as "staff-on-inmates voyeurism," that violated PREA.  Baptiste states that Carrol spoke with Baptiste, but failed to conduct an appropriate investigation or report her findings to appropriate authorities.

Additionally, Baptiste wrote a letter to New Hampshire Attorney General Joseph Foster, asking that the strip search incident be investigated as a crime.  Foster's office referred the matter to the DOC Director of Investigations Colon Forbes, and otherwise declined to conduct an investigation.  Baptiste alleges that neither Foster nor Forbes conducted an adequate criminal investigation of the incident.

## Discussion

I.  **Preliminary Review**

A.  Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in

the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

      B.   Strip Search Claims

          1.   Eighth Amendment-Endangerment/Failure to Protect

      "'[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'"  Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted).  An Eighth Amendment claim challenging the conditions of a prisoner's confinement has an objective and subjective component.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  To satisfy the objective component of a prison conditions claim, the deprivations alleged must be "extreme."  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The subjective component of an Eighth Amendment claim requires the plaintiff to demonstrate that the prison officials acted with deliberate indifference to the plaintiff's health or safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

      Baptiste alleges that the defendants subjected him to a substantial risk of serious harm, as voyeurism by inmates and officers during the strip search created a risk that Baptiste

4

would be subjected, at some time after the event, to inmate-on-
inmate sexual violence.  Baptiste further asserts that he
suffered mental trauma due to the degradation and humiliation he
suffered during the group strip search, for which he sought
mental health treatment.

Assuming, without deciding, that Baptiste can demonstrate
that the incident created a serious risk of harm to him, he has
not alleged any facts suggesting that any officer was aware of
and deliberately indifferent to a significant risk that the
strip search would create a risk of future sexual violence
between inmates, or serious mental trauma, and ignored that
risk.  Therefore, the facts asserted do not support an
allegation that any defendant acted with deliberate indifference
to Baptiste's health or safety.  Accordingly, Baptiste's Eighth
Amendment endangerment and failure to protect claims should be
dismissed.

### 2.   Fourth Amendment-Unreasonable Search

Baptiste asserts that the group strip search violated his
Fourth Amendment right to be protected from unreasonable
searches and seizures, in that it occurred in the presence of
other inmates, male corrections officers, a female corrections
officer, and in full view of a video surveillance camera,
without privacy blinds, and in non-exigent circumstances.
Baptiste has alleged sufficient facts to survive preliminary

review of his Fourth Amendment claims, to allow this claim to
proceed against Jardine and John Doe #2.  Baptiste has also
alleged sufficient facts to assert claims against supervisory
officers Orlando, Fouts, and Foncier, who approved and/or
allowed the group strip search to occur, with knowledge of the
conditions described by Baptiste.  In an Order issued
simultaneously with this Report and Recommendation, the court
directs service of this claim upon John Doe #2, Jardine,
Orlando, Fouts, and Foncier.

As to all other John Doe corrections officers named in the
complaint, alternatively numbered as John Does #3-#10, #11, or
#12, Baptiste has failed to assert that they had any connection
to his strip search, or knowledge of all of the circumstances
alleged in the complaint, which would render them liable to him
for a Fourth Amendment violation.  Accordingly, all of the
claims asserted against the John Doe corrections officers, other
than John Doe #2, should be dismissed, and the John Doe
defendants #3-#11 should be dropped from this action.

### 3.   Fourteenth Amendment-Equal Protection

Baptiste asserts that the group strip search and other
actions of the defendants at the time of that search violated
his equal protection rights under the Fourteenth Amendment.
Nothing alleged by Baptiste, however, suggests that he was
treated differently than any other similarly situated inmate.

6

Moreover, the allegations regarding the incident, and the
response of supervisory personnel to Baptiste's grievances
relating to whether a female guard had been permitted to view
the search, do not give rise to a reasonable inference that
Baptiste was subjected to any equal protection violation,
including the type of sexual harassment that has been deemed
actionable, outside of the prison context, under the Equal
Protection Clause.  See, e.g., Lipsett v. Univ. of P.R., 864
F.2d 881, 897-98 (1st Cir. 1988) (discussing elements of sexual
harassment claims under Title IX and Equal Protection Clause).
Accordingly, Baptiste's equal protection claims arising out of
the strip search should be dismissed.

    C.   Failure to Prosecute/Investigate and PREA Claims

Baptiste claims that defendants Carrol, Forbes, and Foster
are liable to him for failing to investigate, report, and
prosecute his claims of violations of the PREA, other federal
and state laws, and prison policies.  The PREA does not provide
Baptiste with a private right of action.  See Krieg v. Steele,
559 F. App'x 231, 232 (5th Cir.), cert. denied, 136 S. Ct. 238
(2015).  Furthermore, Baptiste does not have a protected
interest or right to have alleged wrongdoers investigated or
prosecuted.  Sea Shore Corp. v. Sullivan, 158 F.3d 51, 58 (1st
Cir. 1998) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619
(1973) ("a private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another")).
Accordingly, Baptiste's claims asserting violations of the PREA,
and defendants' failure to investigate, report, and/or
criminally prosecute Baptiste's claims concerning the group
strip search, should be dismissed.

     D.   <u>Supervisory Liability</u>

        1.   <u>Standard</u>

    Baptiste has asserted supervisory liability claims against
defendants Foster, Wrenn, Kench, Gerry, Fouts, Orlando, Foncier,
and Capt. Roderick Greenwood.  Supervisory liability under 42
U.S.C. § 1983 lies only where the "causal link between a
supervisor's conduct and the constitutional violation" of a
subordinate is "solid . . . such 'that the supervisor's conduct
led inexorably to the constitutional violation.'"  <u>Guadalupe-
Báez v. Pesquera</u>*,* 819 F.3d 509, 515 (1st Cir. 2016) (citation
omitted).

       2.   <u>Denial of Grievances–Fouts, Gerry, Wrenn, Kench</u>

    In this action, Baptiste has sued Fouts, Gerry, Wrenn, and
Kench in their supervisory capacities, for denying his
administrative grievances concerning the strip search.  A
defendant's failure to provide relief to an inmate through the
grievance process is not sufficient to establish supervisory
liability.  <u>See</u> <u>Thomas v. Banks</u>, 584 F. App'x 291, 291 (8th Cir.
2014) (per curiam).  Accordingly, Baptiste's claims against

Wrenn, Gerry, Kench, and Fouts, based on their denial of
Baptiste's grievances, should be dismissed.

### 3.   Failure to Train and Supervise-Kench

Baptiste alleges that defendant Kench, as the training
supervisor at the DOC, manifested deliberate indifference in
failing to train and supervise his subordinates.  Baptiste's
allegations in that regard do not state a claim for relief, when
stripped of legal conclusions.  Accordingly, the failure to
train and supervise claims asserted against defendant Kench
should be dismissed.

### 4.   Affirmative Link

In an order issued this date, the court directs service of
a Fourth Amendment unreasonable search claim upon defendants
Orlando, Fouts, and Foncier, in their supervisory capacities.
As to Foster, Wrenn, Kench, Gerry, and Greenwood, Baptiste has
not stated any facts to support a claim that any conduct, act,
or omission of those defendants "led inexorably" to the conduct
underlying the Fourth Amendment claims asserted in the
complaint.  Accordingly, the supervisory liability claims
asserted against Foster, Wrenn, Kench, Gerry, and Greenwood
should be dismissed from this action.

### E.   Official Capacity Claims

Baptiste has asserted claims against a number of the
defendants in this action in their official capacities.  As

explained below, Baptiste has not stated any viable claim for injunctive relief in his complaint.  Further, the Eleventh Amendment precludes official capacity suits for damages.  See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015).  Accordingly, the court should dismiss all of the claims in this action to the extent they are asserted against any defendant in his or her official capacity.

## II.  **Request for Injunctive Relief**

In his complaint, Baptiste has included a request for prospective preliminary and permanent injunctive relief. Specifically, he seeks an order from this court directing each defendant to perform job duties according to institutional policy, and federal and state law in the future.

"[A] plaintiff must demonstrate standing separately for each form of relief sought."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185 (2000). "'[A] continuing violation or the imminence of a future violation' is necessary to confer Article III standing to seek injunctive relief."  Conservation Law Found. v. Pub. Serv. Co. of N.H., No. 11-cv-353-JL, 2012 WL 4477669, at *10, 2012 U.S. Dist. LEXIS 138881, at *40, 2012 DNH 174 (D.N.H. Sept. 27, 2012) (citation omitted); see also City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) (plaintiff who had been subjected to police chokehold in past lacked standing to seek injunction against

10

enforcement of police chokehold policy in future because he could not credibly allege that he faced realistic threat from policy).

Baptiste's claims arise out of the December 18, 2014 group strip search in the NHSP gym.  Nothing in Baptiste's complaint indicates that he is likely to be subject to a group strip search in the future.  Baptiste has therefore failed to allege sufficient facts to show that he has standing to obtain prospective injunctive relief, relating to the strip search procedures, or that such relief is necessary to prevent irreparable harm.  See City of Los Angeles, 461 U.S. at 111 (an "equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again" by unconstitutional law enforcement practices).  Accordingly, Baptiste's request for preliminary and permanent injunctions should be denied, and his claims for such relief should be dismissed, without prejudice to his ability to assert such claims should circumstances warrant in the future.

## Conclusion

For the foregoing reasons, the district judge should dismiss all of the claims in this action, except a Fourth Amendment claim for damages concerning the December 18, 2014

group strip search, asserted against defendants Fouts, Orlando, Foncier, Jardine, and John Doe #2, in their individual capacities.  All other defendants named in the complaint should be dropped from this action.  The district judge should also deny Baptiste's requests for injunctive relief without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).


Andrea K. Johnstone
United States Magistrate Judge


March 13, 2017

cc:  Stephen C. Baptiste, pro se


12